No. 29,160.

En Rodell, *Appellee*, v. Elry Wyant, *Appellant*.

(285 Pac. 574.)

Opinion filed March 8, 1930.

C. L. *Thompson*, of Hoxie, for the appellant.
· W. H. *Clark*, of Hoxie, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This was an action to recover the wages of Ed Rodell, who worked on the farm of defendant, Elry Wyant, as a farm hand. It was brought before a justice of the peace and an appeal was taken to the district court from the judgment rendered. On the trial in the district court judgment was given in favor of plaintiff for $250. The verdict returned by the jury was for $282, but as the plaintiff had only asked for $250 in his bill of particulars, the plaintiff asked that the judgment be reduced to that sum, and this was done by the court without opposition.

After some evidence had been introduced by plaintiff in respect to the time when plaintiff began work for defendant, it was shown that he began on March 27, 1927, whereas it has been alleged by the plaintiff that work began in June of that year. Thereupon the plaintiff asked and obtained leave to amend his bill of particulars so as to state the earlier date in order to conform with the proof. Of this ruling defendant complains.

It is not necessary to cite authorities to show that an amendment of the character mentioned may be and should be allowed. It was an obvious mistake and the amendment did not substantially change the issues in the case. Such an amendment was within the discretion of the court and certainly there was no abuse of that discretion. The defendant in his answer admitted that plaintiff worked for him

as a farm hand at different times from March 27, 1927, to April 13, 1928.

There is a contention that the evidence did not warrant the verdict rendered. There was some dispute in the evidence as to the number of days plaintiff had worked for defendant, and also as to payments made to him. Defendant claimed that during the period of service two settlements were made with plaintiff when full payments for his services had been made. In answer to special questions the jury found that the settlements claimed by defendant had not been made; that plaintiff had worked for defendant eighty-five days between March 27, 1927, and July 13, 1927, and that he had worked for 150 days from July 13, 1927, until February 27, 1928. In addition they found that plaintiff was entitled to $6 for groceries furnished and $2 for roaching mules. An examination of the testimony shows that it is amply sufficient to support the verdict, and finding no error was committed the judgment is affirmed.